# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

EVROLD WILLIAMS,

CIVIL ACTION

Plaintiff,

FILE NO.
COMPLAINT

-against-

**08 CIV. 5210**

CITY OF WHITE PLAINS, WHITE PLAINS POLICE
DEPARTMENT , SGT. TIEDEMANN, POLICE OFFICER
TASSONE, POLICE OFFICER PARRA, POLICE
OFFICER PETROSINO , POLICE OFFICER FUENTAS
AND OFFICER JOHN DOE,

**JUDGE CONNER**

JURY DEMAND

Defendants.

-------------------------------------------------------------------X

The plaintiff Evrold Williams, complaining of the defendants, by his attorneys, PATSY D.
GOULDBORNE & ASSOCIATES, P.C., respectfully shows to this Court and alleges:

### JURISDICTION

1. That Jurisdiction is founded upon the existence of a Federal Question.

2. That this is an action to redress the deprivation under color of statute, ordinance, regulation,
   custom or usage of a right, privilege, and immunity secured to plaintiff by the First and
   Fourteenth Amendments to the Constitution of the United States (42 U.S.C. § 1983) and
   arising under the law and statutes of the State of New York.

3. Jurisdiction is founded upon 28 U.S.C. § 1331 and § 1343(3) and (4), this being an action
   authorized by law to redress the deprivation under color of law, statute, ordinance,
   regulation, custom and usage of a right, privilege, and immunity secured to a plaintiff by the
   First and Fourteenth Amendments to the Constitution of the United States.

4. The matter in controversy exceeds, exclusive of interest and costs, the sum or value of
   SEVENTY FIVE  THOUSAND ($75,000.00) DOLLARS.

## PARTIES

5.  That the plaintiff is a Citizen of the United States and he is a resident of the City of White Plains and State of New York.

6.  Upon information and belief, that at all times hereinafter mentioned, the defendant City of White Plains was and still is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

7.  Upon information and belief, that at all times hereinafter mentioned, the defendant City of White Plains, its agents, servants and employees operated, maintained and controlled the Police Department of City of White Plains, including all the police officers thereof.

8.  Upon information and belief, that at all times hereinafter mentioned, and on or prior to March 24, 2007, Sgt. Tiedeman was employed by defendant, City of White Plains, as a police officer.

9.  Upon information and belief, that at all times hereinafter mentioned, and on or prior to March 24, 2007, Officer Tassone was employed by defendant, City of White Plains, as a police officer.

10. Upon information and belief, that at all times hereinafter mentioned, and on or prior to March 24, 2007, Officer Parra was employed by defendant, City of White Plains, as a police officer.

11. Upon information and belief, that at all times hereinafter mentioned, and on or prior to March 24, 2007, Officer Petrosino was employed by defendant, City of White Plains, as a police officer.

12. Upon information and belief, that at all times hereinafter mentioned, and on or prior to March 24, 2007, Officer Fuentas was employed by defendant, City of White Plains, as a police officer.

13. Upon information and belief, that at all times hereinafter mentioned, and on or prior to March 24, 2007, John Doe was employed by defendant, City of White Plains, as a police officer.

14. This action arises under the United States Constitution, particularly under the provisions of the Fourth and Fourteenth Amendments to the Constitution of the United States, and under federal law, particularly the Civil Rights Act, Title 42 of the United States Code, Section 1983 and the rights under the Constitution and laws of the State of New York.

15. Each and all of the acts of the defendants alleged herein were done by the defendants, their agents, servants and employees, and each of them, not as individuals, but under the color and pretense of the statutes, ordinances, regulations, customs and usages of the City of White

Plains State of New York , and under the authority of their office as police officers of said state, city and county.

## PENDANT STATE CLAIMS

16. That Notice of the Plaintiffs Claim and Notice of Intention To Sue for Damages for false arrest and imprisonment, assault and battery, violation of civil rights, negligence in hiring and retaining, negligence in performance and negligence in training and supervising, the nature of the claim and the date of, the time when, the place where and the manner in which the claim arose was duly served upon the Corporation Counsel of White Plains on or about June 22, 2007.

17. That Notice of the Plaintiffs' Claim and Notice of Intention To Sue for Damages for malicious prosecution and violation of civil rights, the nature of the claim and the date of, the time when, the place where and the manner in which the claim arose was duly served upon the Agent(s) of defendant City of White Plains on or about June 22, 2007.

18. That a hearing has been held pursuant to General Municipal Law 50-H on September 12, 2007.

19. That more than 30 days have elapsed since the Notice of Claim and Intention To Sue has been served upon the defendants and the said defendants have neglected or refused to make any adjustment or payment thereof.

20. That this action is commenced within One Year and Ninety-Days after the cause of action arose.

## FIRST CAUSE OF ACTION—FALSE ARREST

21. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 20 with the same force and effect as if more fully set forth herein.

22. That on or about the March 24, 2007 at or about 03:00 a.m., on the public sidewalk, in front of, contiguous to and adjacent to premises known and designated as 169 Mamaronenck Avenue, White Plains (a.k.a Porter House Bar), the defendants, their agents, servants and employees wrongfully and falsely arrested, imprisoned and detained plaintiff, EVROLD WILLIAMS, without any right or grounds therefore.

23. That on or about the March 24, 2007, the defendants wrongfully and falsely accused the plaintiff, EVROLD WILLIAMS, of the crimes of Disorderly Conduct and Resisting Arrest, in violation Penal law 240.20 and 205.30.

24. That the said arrest and imprisonment was caused by the defendants, their agents, servants and employees, without any warrant or other legal process and without authority of the law

and without any reasonable cause or belief that the plaintiff, EVROLD WILLIAMS, was in fact guilty of such crimes.

25. That on the aforesaid date, time and place, the plaintiff, who was lawfully and properly upon the public sidewalk thereat on his way home and was viciously struck with a stun gun a.k.a Taser gun by defendant Sgt. Tiedeman and violently precipitated to the ground.

26. While the plaintiff was so engaged, as aforesaid, the defendants, their agents, servants and employees, wrongfully and unlawfully, against the plaintiff's wish, without probable or reasonable cause, and on the sole charge, then made, that plaintiff was violating Penal law 240.20 and 205.30 in that he was, arrested and imprisoned the plaintiff and with full force of arms, they forcibly and violently seized, assaulted and laid hold of and then to be detained and imprisoned in or near premises known and designated as the White Plains Police Station, 77 So. Lexington Avenue, White Plains, NY and continuing to other divers places and times, including, but not limited to 77 So. Lexington Avenue, White Plains, NY, and in a detention cell located at 77 So. Lexington Avenue, White Plains, NY, where the plaintiff was further detained and imprisoned until such time as a Desk Appearance ticket was issued on March 24, 2007.

27. That the defendants, their agents, servants and employees acting within the scope of their employment, detained and imprisoned the plaintiff even though the defendants, their agents, servants and employees, had the opportunity to know or should have known, that the matters hereinbefore alleged, wrongfully, unlawfully and without a sufficient charge having been made against the plaintiff, directed that the plaintiff be searched and placed in confinement at said locations.

28. That the plaintiff was wholly innocent of the said criminal charges and did not contribute in any way to the conduct of the defendants, their agents, servants and employees and was forced by the defendants to submit to the aforesaid arrest and imprisonment thereto entirely against his will.

29. That as a result of the aforesaid accusations made by the defendants, their agents, servants and employees acting under their employment and within the scope of their authority, made falsely, publicly, wickedly and maliciously, the plaintiff was compelled to appear before a Judge of the Criminal Court of City of White Plains.

30. That the defendants, their agents, servants and employees, as set forth aforesaid on the aforementioned date, time and place, intended to confine the plaintiff; in that the plaintiff was conscious of the confinement; plaintiff did not consent to the confinement; and that the confinement was not otherwise privileged.

31. That by reason of the false arrest, imprisonment and detention of the plaintiff, plaintiff was subjected to great indignities, humiliation and ridicule in being so detained, charged and prosecuted with various crimes, and greatly injured in his credit and circumstances and was then and there prevented and hindered from performing and transacting his necessary affairs

and business, and he was caused to suffer much pain in both mind and body and the loss of
employment opportunities.

## SECOND CAUSE OF ACTION—ASSAULT AND BATTERY

32. Plaintiff repeal realleges each and every allegation contained in paragraphs marked 1 T
through 31, with the same force and effect as if more fully and at length set forth herein.

33. That on or about the March 24, 2007, at approximately 03:00 a.m. , while the plaintiff was
lawfully and properly on the sidewalk at or near premises known and designated as 169
Mamaronenck Avenue, White Plains (a.k.a Porter House Bar), the defendants, their agents,
servants and employees, particularly defendant Officer John Doe without just cause or
provocation and with great force and violence, violently seized, assaulted and laid hold of the
plaintiff, EVROLD WILLIAMS, including but not limited to intentionally, forcefully and
fiercely striking plaintiff with a stun gun a.k.a a Taser gun as he was protecting himself from
the onslaught of the defendants, and caused him to be knocked to the ground and causing
handcuffs to be tightly placed upon the wrists of the plaintiff.

34. That the defendants, their agents, servants and employees, acting as agents and on behalf of
defendants and within the scope of their employment, intentionally, willfully and maliciously
assaulted and battered plaintiff, EVROLD WILLIAMS, in that they had the real or apparent
ability to cause imminent harmful and/or offensive bodily contact and intentionally did a
violent and/or menacing act which threatened such contact to the plaintiff, and that act(s)
caused apprehension of such contact in the plaintiff, and defendants, in a hostile and/or
offensive manner touched and beat the plaintiff, without his consent and with the intention of
causing harmful and/or offensive bodily contact to the plaintiff and caused such battery in
and about his head, neck, back, body and limbs.

35. That by reason of the aforesaid intentional assault and battery committed by the defendants,
their agents, servants and employees, acting within the scope of their authority, and without
probable or reasonable cause, the plaintiff suffered great bodily injury in and about his back,
body and limbs and was sore and lame and among other things, he suffered conscious pain
and suffering, and that he was otherwise damaged.

## THIRD CAUSE OF ACTION—NEGLIGENCE IN HIRING AND RETAINING

36.  Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs
marked 1 through 35 with the same force and effect as if more fully and at length set forth
herein.

37. That the defendant, City of White Plains, was careless and reckless in hiring and retaining as
and for its employee, the above named individual; in that the said defendant lacked the
experience, deportment and ability to be employed by the defendant; in that the defendant
failed to exercise due care and caution in its hiring practices, and in particular, in hiring the
defendant employee who lacked the mental capacity and the ability to function as an
employee of the aforementioned defendant; in that defendant, City of White Plains, failed to

investigate the above named defendant's background and in that they hired and retained as an employee of their police department in that the defendant lacked the maturity, sensibility and intelligence to be employed by the defendant; in that the defendant knew of the lack of ability, experience, deportment maturity of said defendant employee when they hired him to be an employee; and, in that the defendants, their agents, servants and employees were otherwise careless, negligent and reckless.

38. That the aforesaid occurrence, to wit: the false arrest and imprisonment, assault and battery and the resulting injuries to mind and body there from, were caused wholly and solely by reason of the negligence of the defendant servants and employees without any negligence on the part of the plaintiff.

39. That by reason of the aforesaid, the plaintiff was injured in mind and body, still suffers and upon information and belief, will continue to suffer great physical aid mental pain, and he was rendered, sore and lame and so remains, and he was incapacitated from his usual occupation and will, upon information and belief, be so incapacitated in the future by the actions of the defendants, their agents, servants and employees, including counsel fees and disbursements, and; upon information and belief, will expend further sums in that direction, and the plaintiff has been otherwise damaged.

**FOURTH CAUSE OF ACTION—NEGLIGENCE IN TRAINING AND SUPERVISING**

40. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 39 with the same force and effect as if more fully and at length set forth herein.

41. That the defendants, their agents, servants and employees negligently, carelessly and recklessly failed to properly train and supervise their employees, in particular, the named defendants, in that they failed to train their employees in the proper use of weapons and firearms; in the proper manner in which to handle and control a demonstration; in the proper method of using a Stun Gun a.k.a. Taser gun; to control their tempers and exercise the proper deportment and temperament; and to otherwise act as reasonably, prudent police officers; failed to give them proper instruction as to their deportment, behavior and conduct as representatives of their employers; and, in that the defendants, their agents, servants and employees were otherwise reckless, careless and negligent.

42. That the aforesaid occurrence, to wit: the false arrest and imprisonment, assault and battery and the resulting injuries to mind and body there from, were caused by reason of the negligence of the defendant, its agents, servants and employees without any negligence on the parted.

43. That by reason of the aforesaid, the plaintiff was injured in mind and body, still suffers and upon information and belief, will continue to suffer great physical and mental pain, and he was rendered sore and lame, and so remains, and he was incapacitated from his usual occupation and will upon information and belief, be so incapacitated in the future, by the

actions of the defendants, their agents, servants and employees, including counsel fees and disbursements; and, upon information and belief, will expend further sums in that direction, and the plaintiff has been otherwise damaged.

## FIFTH CAUSE OF ACTION—NEGLIGENCE IN PERFORMANCE OF DUTIES

44. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 43 with the same force and effect as if more fully set forth herein.

45. That the defendants, its agents and employees negligently, carelessly and recklessly performed their police duties in that they failed to use such care in the performance of their police duties as a reasonably prudent and careful police officer would have used under similar circumstances; in that they carelessly, recklessly and negligently arrested the plaintiff without making a proper investigation; in that they were negligent, careless and reckless in the manner in which they operated; that the defendant, their agents, servants and employees negligently, carelessly and recklessly without provocation and with great force and violence negligently struck the plaintiff; negligently, carelessly and recklessly used the threat of physical force and actually used physical force upon the plaintiff thereat; and in that the defendants, their agents, servant and employees were otherwise careless, reckless and negligent.

46. That the aforesaid occurrence, to wit: the false arrest and imprisonment, assault and battery and the resulting injuries to mind and body therefrom, were caused wholly and solely by reason of the negligence of the defendant, its agents, servants and employees without any negligence on the part of the plaintiff.

47. That by reason of the aforesaid, the plaintiff was injured in mind and body, still suffers and upon information and belief, will continue to suffer great physical and mental pain, and he was rendered sore and lame and disabled and so remains, and he was incapacitated from his usual occupation and will, upon information and belief, be so incapacitated in the future by the actions of the defendants, their agents, servants and employees; including counsel fees and disbursements; and, upon information and belief, will expend further sums in that direction, and the plaintiff has been otherwise damaged.

## SIXTH CAUSE OF ACTION—MALICIOUS PROSECUTION

48. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 47 with the same force and effect as if more fully and at length set forth herein.

49. That on or about the March 24, 2007, at or about approximately 3:00 a.m. while the plaintiff was lawfully and properly on the sidewalk at or near premises known and designated as 169 Mamaronenck Avenue, White Plains (a.k.a Porter House Bar), and at subsequent times thereafter, including but not limited to the 77 So. Lexington Avenue, White Plains, NY, the

defendants, their agents, servants and employees maliciously prosecuted and detained plaintiff, EVROLD WILLIAMS, without any just right or grounds therefor.

50. That the plaintiff was and is wholly innocent and was forced by the defendant to submit to court proceedings.

51. That on or about September 5, 2007, before the City Court Judge of the City of White Plains, the defendants, their agents, servants and employees falsely and maliciously and without probable cause or provocation charged the plaintiff with a crime under Penal law 240.20 and 205.30

52. That the defendants, their agents, servants and employees acting in the performance of their employment and within the scope of their authority, testified falsely and withheld vital information before a Judge of the Criminal Court of the City of White Plains.

53. That upon examination, the said charges were falsely and maliciously made. That the charge of resisting arrest, Penal Law 205.30 was dropped and the charge of Disorderly Conduct, Penal Law 240.20 was adjourned in contemplation of dismissal and subsequently dismissed.

54. That the said prosecution and criminal charges and hearings were instituted and procured by the defendants, their agents, servants and employees in this action unlawfully and maliciously and without any reasonable or probable cause whatsoever therefor. That the commencement and/or continuation of the criminal proceedings by the defendants against the plaintiff was without probable cause, with actual malice and was terminated in favor of the plaintiff.

55. That by reason of the aforesaid unlawful and malicious prosecution, the plaintiff was deprived of his liberty, was subjected to great indignity, humiliation, pain and great distress of mind and body and was held up to scorn and ridicule, was injured in his character and reputation, was prevented from attending his usual business and avocation, was injured in his reputation in the community and the said plaintiff has been otherwise damaged.

## SEVENTH CAUSE OF ACTION—CIVIL RIGHTS ACTION UNDER 42 U.S.C. 1983

56. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 55 with the same force and effect as if more fully and at length set forth herein.

57. That on or about the March 24, 2007, at approximately 03:00 a.m., plaintiff EVROLD WILLIAMS was lawfully and properly at or near premises known and designated 169 Mamaronenck Avenue, White Plains (a.k.a Porter House Bar), at which time and place defendants then and there were at as part of their regular and official employment as police officers for the defendant, City of White Plains.

58. As plaintiff was lawfully and properly thereat on his way home, the aforementioned police officer, who having the real and apparent ability to cause imminent harmful and offensive

bodily contact and the power and authority to arrest and imprison the plaintiff did so threaten these acts upon the plaintiff, who, after continuing his lawful activity, was violently struck by the defendant, Sgt. Tiedeman when he ascended the public sidewalk thereat on the aforementioned date, time and place and forcefully precipitated the plaintiff to the ground thereat.

59. Immediately thereafter, aforementioned defendants, their agents, servants and employees falsely arrested and imprisoned the plaintiff, severely assaulted and battered the plaintiff and deprived him of his rights and liberties as set forth in the Constitutions of the United States and of the State of New York, handcuffed him and threatened plaintiff with the possible use of weapons and the use of physical force; in that they continued to assault and batter the plaintiff and to imprison him without any conduct on the part of the plaintiff to so warrant to wit:

a.  in that all of the actions of the defendants, their agents, servants and employees, were committed with the intention to cause bodily and mental injury to the plaintiff, to arrest, restrain and imprison the plaintiff without his consent, the plaintiff was at all times conscious of his arrest, did not consent to the false arrest and the false arrest and imprisonment were not otherwise privileged; and,

b.  the arrest and imprisonment were not justified by probable cause or other legal privilege; defendants, their agents, servants and employees, acting under the color of statute, ordinances, regulations, customs and usages of the City of White Plains, and under the authority of their office as police officers for said City, falsely charged the plaintiff with violating Sections 240.20 and 205.30 of the Penal Law although the defendants, acting in such capacity, knew that such charges were false; and,

c.  in that the defendants, their agents, servants and employees caused an assault and battery when they in a hostile and/or offensive manner threatened, touched and beat the plaintiff without his consent and with the intention of causing harmful and/or offensive bodily contact to the plaintiff, all without warrant, probable cause or any lawful cause whatever; and

d.  that the defendants, their agents, servants and employees failed to adequately and properly hire, retain, train, supervise, discipline or in any other way control the behavior and performance of the defendants, their agents, servants and employees; that in their hiring practices in the exercise of their police functions and their failure to enforce the laws of the City of White Plains and State of New York is evidence of the reckless lack of cautious regard for the rights of the public including plaintiff; in that they exhibited a lack of degree of due care which prudent and reasonable individuals would show in executing the duties of the defendants; and,

e.  the failure of the defendants, their agents, servants and employees to hire, train, supervise, discipline or in any other way control the defendants, in the exercise of their functions; in that their failure to enforce the laws of the City of White Plains State of New York was and is carried out willfully, wantonly, maliciously and with such reckless disregard for the

consequences so as to display a conscious disregard for the dangers of harm and injury to the citizens of the City of White Plains including plaintiff; and,

f.  due to the acts of the defendants, their agents, servants and employees herein, the failure of the City of White Plains to discipline and properly hire the defendants and the continued employment of the defendants presents a clear and present danger to the citizens of the City of White Plains; and,

g.  that the said prosecution and criminal charges and hearings were instituted and procured by the defendants, their agents, servants and employees in this action unlawfully and maliciously and without any reasonable or probable cause whatsoever therefor. That the commencement and/or continuation of the criminal proceedings by the defendants against the plaintiff was without probable cause with actual malice and was terminated in favor of the plaintiff;

h.  that the defendants, their agents, servants and employees permitted the use of policy and/or drafted policy that was violative of the constitutional rights of the above named plaintiff; and, in that each and all of the acts of the defendants, their agents, servants and employees alleged herein were done not as individuals but under the color and pretense of the statutes, ordinances, regulations, customs and usages of the City of White Plains, and under the authority of their office as police officers for said city and county.

60.  Plaintiff did not commit any illegal act, either before or at the time he was falsely arrested and imprisoned, assaulted and battered, maliciously prosecuted and deprived of his constitutional rights as set forth in the Constitution of the United States, particularly 42 U.S.C. § 1983.

61.  As a direct result of the illegal actions and conduct on the part of the defendants, their agents, servants and employees, plaintiff was falsely arrested and imprisoned, assaulted and battered, maliciously prosecuted and compelled to be arraigned and appear in White Plains City Court and to undergo a criminal proceeding until dropped and or dismissed before the City Court Judge on or about September 5, 2008.

62.  That at all times hereinafter mentioned, the defendants SGT. TIEDEMANN, POLICE OFFICER TASSONE, POLICE OFFICER PARRA, POLICE OFFICER PETROSINO , POLICE OFFICER FUENTAS AND OFFICER JOHN DOE were employed in their respective capacities by the defendant City of White Plains and were acting under the color of their official capacity and their acts were performed under the color of the policies, statute, ordinances, rules, and regulations of the City of White Plains.

63.  That at all times hereinafter mentioned, defendants was acting pursuant to order directives from defendant City of White Plains.

64.  That during all times hereinafter mentioned, the defendant police officers and each of them, separately, and in concert acted under color and pretense of law, to wit: under color of the statutes, ordinances, regulations,  customs and usages of the City of White Plains and the

defendants here, separately and in conceit, engaged in the illegal conduct here mentioned to the injury of the plaintiff, EVROLD WILLIAMS, and deprived plaintiff of the rights, privileges and immunities secured to plaintiff by the First and Fourteenth Amendments to the Constitution of the United States and the laws of the United States.

65. The Police Officers of the defendant City of White Plains and its individual members who are agents, servants and employees of defendants, together with persons unknown to plaintiff, acting under color of law, have subjected plaintiff and other persons to a pattern of conduct consisting of illegal harassment, assault and battery, false imprisonments and arrests and malicious prosecution at the time said persons are lawfully and properly on the public sidewalks on his way home in the City of White Plains, in denial of rights, privileges and immunities guaranteed plaintiff, EVROLD WILLIAMS and other citizens by the Constitution of the United States.

66. This systematic pattern of conduct consists of a large number of individual acts of violence, intimidation, false arrest and false imprisonment and malicious prosecution visited on plaintiff, EVROLD WILLIAMS by members of the police department of defendant City of White Plains, acting in concert with persons unknown to plaintiff and under color of law and said acts, while carried out under color of law, have no justification or excuse in law and are instead illegal, improper and unrelated to any activity in which police officers may appropriately and legally engage in the course of protecting persons or property or ensuring civil order.

67. Although defendants knew or should have known of the fact that this pattern of conduct was carried out by their agents, servants and employees, the defendant City of White Plains has not taken any steps or made any efforts to halt this course of conduct, to make redress to the plaintiff or other citizens injured thereby, or to take any disciplinary action whatever against any of their employees or agents.

68. The unlawful and illegal conduct of the defendants, their agents, servants and employees and each of them, deprived plaintiff of the following rights, privileges and immunities secured to him by the Constitution of the United States and of the State of New York:

a.    The right of plaintiff to be secure in his person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments to the Constitution of the United States; and,

b.    The right of plaintiff to be informed of the nature and cause of the accusation against him as secured to him under the Sixth and Fourteenth Amendments of the Constitution of the United States; and,

c.    The right of plaintiff not to be deprived of life, liberty or property without due process of law, and the right to the equal protection of the laws secured by the Fourteenth Amendment to the Constitution of the United States.

69. That by reason of the aforesaid violations, false arrest and false imprisonment, assault and battery and malicious prosecution caused by the defendants, their agents, servants and employees who conspired together to enter into a nefarious scheme to wrongfully deprive the plaintiff and compel him to abandon his rights and privileges as provided him in the Constitution of the United States of America, and provided him in the Constitution of the State of New York, and the laws thereto, the defendants, their agents, servants and employees violated 42 U.S.C. § 1983, in that the defendants, their agents, servants and employees acted as persons who under color of any statute, ordinance, regulation, custom or usage of the City of White Plains, subjected or caused to be subjected, a citizen of the United States or other persons within the jurisdiction, particularly the plaintiff, EVROLD WILLIAMS, thereof to be deprived of his rights, privileges or immunities received by the Constitution and laws of the United States of America and of the State of New York; was subjected to great indignities and humiliation, and pain and distress of mind and body and was held up to scorn and ridicule, injured in his character and reputation, was prevented from attending his usual business and vocation and was injured in his reputation in the community and the acts aforementioned were committed with the aim of injuring and damaging plaintiff.

70. That by reason of the aforesaid intentional assault and battery, the false arrest and false imprisonment, malicious prosecution and deprivation of his rights and liberties as guaranteed by the aforementioned constitutions, by the defendants, their agents, servants and employees, acting within the scope of their authority, and without any probable or reasonable cause, the plaintiff suffered great bodily injury in and about, back, body and limbs and was rendered sore and lame and disabled, and among other things, he suffered conscious pain and suffering, and that he was otherwise damaged.

71. That by reason of the aforesaid, the plaintiff requests the following relief:

a) Compensatory damages in the sum of ONE MILLION ($1,000,000.00) DOLLARS;

b) Punitive damages in the sum of FIVE MILLION ($5,000,000.00) DOLLARS;

c) An award of reasonable attorney's fees, costs and disbursements;

d) Plaintiff requests a trial by jury of all issues involved in this complaint;

e) Such other and further relief as this Court may deem just, meet and proper under the circumstances.

Dated: May 23, 2008

Patsy D. Gouldborne & Associates, P.C.

By: Richard St. Paul, Esq . (RS6388)
Of Counsel
959 East 233rd Street
Bronx, New York 10466
718-515-7500